Herbert LEINWANDER, Individually,
and as Executor of the Estate of
Charles S. Andres, Deceased, Plaintiff,

v.

NEWMAN, ARONSON & NEUMANN,
Harry N. Newman and Henry J.
Clay, Defendants.

No. 84 Civ. 2851 (WCC).

United States District Court,
S.D. New York.

Dec. 16, 1985.

Hyman L. Rutman, Mineola, N.Y., for plaintiff.

Abberley Kooiman Marcellino & Clay, New York City, for defendant Henry J. Clay; Brooks Banker, Jr., of counsel.

D'Amato & Lynch, New York City, for defendants Newman, Aronson & Neumann and Harry N. Newman; Robert E. Meshel, Timothy P. Butler, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

Plaintiff Herbert Leinwander ("Leinwander") is the executor of the estate of Charles S. Andres. He brought this action against attorneys Henry J. Clay ("Clay"), Harry N. Newman, and the law firm of Newman, Aronson & Neumann alleging that they unlawfully deprived him of approximately $75,000 in commissions for his services as executor of the estate. The caption of the complaint recites that Leinwander is suing "Individually, and as Executor of the Estate of Charles S. Andres," thereby suggesting that he is suing on behalf of the estate. However, an examination of the complaint itself reveals that Leinwander seeks to recover only on his own behalf.

Briefly stated, the relevant facts are as follows: Among the assets of the estate of Charles Andres was a claim for remuneration from the government of Czechoslovakia under the International Claims Settlement Act of 1949, as amended, 22 U.S.C. §§ 1621–1645o (1982). Leinwander engaged defendants to prosecute the claim on behalf of the estate. According to the complaint, an award was finally obtained under the Act in 1982 when the United States Treasury forwarded the sum of $1,359,-561.64 to defendant Clay as attorney of record in the proceedings. Apparently, defendants deducted the fees for their services from this award before turning it over to the estate or its beneficiaries.

Leinwander alleges that in deducting their fees from the award, defendants vio-

lated title 22, sections 1623(f) and 1642m which provide that compensation for services rendered on behalf of a claimant under the Act may not exceed 10% of any award won. Both sections provide in identical language that

> [n]o remuneration on account of services rendered on behalf of any claimant in connection with any claim filed with the Commission under this subchapter shall exceed 10 per centum of the total amount paid pursuant to any award certified under the provisions of this subchapter, on account of such claim. Any agreement to the contrary shall be unlawful and void. Whoever, in the United States or elsewhere, demands or receives, on account of services so rendered, any remuneration in excess of the maximum permitted by this section, shall be fined not more than $5,000 or imprisoned not more than twelve months, or both.

22 U.S.C. §§ 1623(f), 1642m (1982). Leinwander alleges that defendants took more than 10% of the award for their fees, thereby reducing the amount paid to the estate, and thus reducing the amount of his commissions as executor.

This matter is now before the Court on defendants' motions pursuant to rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the complaint for lack of subject matter jurisdiction. In response, Leinwander contends that subject matter jurisdiction is properly found in §§ 1623(f) and 1642m set forth above. Those provisions, however, clearly do not expressly grant a private right of action, but instead set out only criminal penalties for their violation.

Leinwander suggests that a private right of action is implicit in these provisions, but under the circumstances of this case, I cannot agree. In *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1965), the Supreme Court outlined several factors for determining whether a private remedy is implicit in a statute not expressly providing one: first, whether the plaintiff is " 'one of the class for whose special benefit the statute was enacted' "; second, whether there

is any evidence of legislative intent to create or deny such a remedy; third, whether it is consistent with the underlying purpose to imply such a remedy; and finally, whether the cause of action or area of concern is one that is traditionally relegated to the states. *Id.* at 78, 95 S.Ct. at 2087.

■ In this case, the first and most important factor does not favor finding a private right of action. The persons to be protected by §§ 1623(f) and 1642m are those individuals with claims under the Act. Leinwander does not personally have such a claim, and as I stated at the outset, notwithstanding the wording of the caption of his complaint, he does not seek to recover on behalf of Andres's estate. While there is a factual connection between the estate's claims under the Act and Leinwander's commissions as executor, he is clearly not the sort of individual Congress sought to protect by enacting §§ 1623(f) and 1642m.

The remaining factors do not suggest a different result. There is no evidence, explicit or implicit, of legislative intent to create a private right of action with these statutes. Moreover, while it may not be inconsistent with the purpose of §§ 1623(f) and 1642m to imply a private remedy for their violation, estate matters and the regulation of attorney conduct are areas that are traditionally left to the states. Therefore, for all of these reasons, I decline to find a private right of action in §§ 1623(f) and 1642m, at least under the circumstances presented here.

■ The only other basis Leinwander has alleged for jurisdiction here is the Declaratory Judgment Act, 28 U.S.C. § 2201 (1982). It is well established, however, that § 2201 merely enlarged the range of remedies available in federal court, and did not create an independent ground for federal subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1950).

Therefore, for the reasons stated above, defendants' motions to dismiss the com-

plaint for lack of subject matter jurisdiction are granted, and the Clerk of the Court is directed to enter judgment in favor of defendants.

SO ORDERED.